UNITED STATES DISTRICT COURT DISTRICT
EASTERN DISTRICT COURT OF VIRGINIA
(RICHMOND DIVISION)

---

Andrew Chien: Pro Se Plaintiff     CIVIL ACTION NO: 3:21cv21
-against-
Defendants: Edward A Robbins Jr.
Frederick G. Rockwell III     February 19, 2020
Wendy Hughes; Karl S. Leonard

---

## COMPLAINT

| Contents | Pages |
|---|---|
| Authorities | 1 |
| I. Summary of Action | 3 |
| II. Parties | 4 |
| III. Jurisdiction and Venue | 4 |
| IV. Brief of The Case | 5 |
| V. Standard and Argument | 9 |
|     Part 1. VA Debt Collection Violated FDCPA | 9 |
|     Part 2. Judicial Corruption and Bias | 10 |
|     Part 3. Chesterfield Circuit Court- A Racketeering Enterprises in Chien's Cases | 12 |
|     Part 4. Independent Act Pursuant to Rule 60(d)(1) & (d)(3) | 14 |
| VI. Causes of Action | 15 |
| VII. Relief | 15 |

### AUTHORITIES
#### CASES

Jerman v Carlisle et al., 130 S.Ct. 1605,1609 (2010) ============================ 9

Kalb v. Feuerstein, 308 U.S. 433, 438 (1940) ============================= 5

Lockwood v. Bowles, 46 F.R.D. 625, 634 (D.D.C. 1969). ======================= 15

Pollice v. National Tax Funding, LP, 225 F. 3d 379, 406 (2000), 3rd circuit========== 10

#### U.S STATUTES, REGULATIONS AND RULES

1

Amend IV, XIV ======================================================= 5, 7, 16, 17

18USC §1028=========================================================== 13, 17

18USC §1341 & §1343================================================ 6, 13, 14, 17

18USC §1512, 18USC §1513(e) ======================================= 13, 14, 17

18USC §1692============================================================ 9, 10

18USC §1951 ============================================================== 13

18USC§1959========================================================= 4, 14, 17

18USC §1961======================================================== 3, 13,14

18USC §1962====================================================== 4, 15,16, 17

18USC §1965 ============================================================== 4

28USC §157(b) =========================================================== 5

28USC §1331; 28USC §1343(3); 28USC§1367============================== 4

28USC §2201 & §2202=================================================== 17

42USC§1983======================================================== 4, 15, 17

Fair Debt Collection Practices Act ("FDCPA") ========================== Passim

Federal Rules of Evidence, Rule 401(b) =================================== 9

Rule 60(d)(1) & (d)(3) of Fed R. Civ. Proc ============================ 14, 15

VIRGINIA CODES

§ 8.01-428B============================================================= 8

§18.2-7 ================================================================ 7

§18.2-22 ============================================================-13,17

§18.2-59 ============================================================ 13, 17

§18.2-112.1. B ================================================= 7, 8, 13, 17

§18.2-456, §18.2-457 =================================================== 7

Offense Code: CON3210S9 =============================================== 7

I. Summary of Action

1. Plaintiff Andrew Chien ("Chien"), appearing as pro se, submits the complaint, for the purpose of seeking declarations relief that Chien has been a victim of the judicial misconduct of all defendants which made the Chesterfield County Circuit Court of VA ("Chesterfield Circuit Court") as Racketeering Enterprise under definition of 18USC§1961(4) -. the Racketeer Influenced and Corrupt Organizations Act (RICO), 18USC§1961-§1968.

Hon. Frederick G. Rockwell III ("Hon. Rockwell"), in Chien's cases CL. 12-485, 485(1), 485(2), under cheating of Richard J Freer ("Freer") and attorney Andrew K Clark ("Clark"), issued wrongly default judgment of $1.6 million by fabricated evidence against Chien for purpose to reimburse Freer's compensation "loss" under the chapter 11 of Commonwealth Biotechnologies Inc ("CBI"), which committed subject error to interrupt the interstate commerce of CBI's bankruptcy by aided Freer and Clark to retaliate Chien's whistle-blower of Freer's embezzlements. Another lack of encourage of justice of Hon. Rockwell under title of Chief Judge in 2013, was that he didn't immediately to stop the Chien's illegal incarceration for VA debt collection by William K Grogan ("Grogan"), Commissioner in Chancery, in conspiracy with Clark and Freer. The continued misconduct is that Hon. Rockwell on 7/12/2018, issued an order under CL.12-485-02 to deny Chien's request to invalid his judgement on 8/9/2012 for case CL.12-485. To collect the judgment debt is an excuse of the pattern of acts of RICO among Clark, Freer with agency Grogan and Clerks and Sheriffs of Chesterfield Circuit Court.

Hon. Edward A. Robbins Jr. ("Hon. Robbins"), current Chief Judge to replace former Chief Judge Timothy J. Hauler, issued order under Case CL.15-1569, on 01/13/2021 to deny any wrongdoing of VA Debt Collection including to deny Chien's motions for declaration relief of admitting the illegal incarceration and illegal court certificate on 2/18/2014 to certify Grogan's order of making forged stock certificate for Freer, with purpose to change corporation control of

China Bull Management Inc (ticker:" CHBM"), then stealing the cash of CHBM, and wrongly occupied the assets of CHBM and other shareholder certificates under Chien's custody, offenses of 18USC§1962(b).

Sheriff Karl S. Leonard ("Leonard") (beginning from February of 2014) and Clerk Wendy Hughes ("Ms. Hughes") (from September of 2014) directly engaged in illegally incarcerating Chien until 6/27/2016 with offenses of aiding and abetting acts of RICO, 18USC§1959, with conspiracy, extortion, threaten for grand-larceny or bribery, and forges stock certificate.

## II. Parties

2. Plaintiff Andrew Chien ("Chien"), a resident of CT, at 665 Ellsworth Avenue, New Haven, CT 06511. Tel: 203-5628899

3. Defendants: (a) Hon. Edward A. Robbins Jr., Chief Judge of Chesterfield Circuit Court,9500 Courthouse Road, Chesterfield, VA 23832-0125

(b) Frederick G. Rockwell III, Judge of Chesterfield Circuit Court,9500 Courthouse Road, Chesterfield, VA 23832-0125

(c) Wendy S Hughes, clerk of Chesterfield Circuit Court,9500 Courthouse Road, Chesterfield, VA 23832-0125; Tel: (804) 748-1241.

(d) Karl S. Leonard, Sheriff of Chesterfield County, 9500 Courthouse Road, Chesterfield, VA 23832; Tel: 804-748-1261.

## III. Jurisdiction

4. This court has subject matter over all defendants due to "28USC §1331", federal question, 28USC §1343(3)" and "42USC §1983" of Civil Right Violation, "28USC §1367" of supplemental jurisdiction; "18USC §1965" of special jurisdiction over all defendants under RICO allegations. The Court has personal jurisdiction over defendants, because they have

regular business in VA. The venue is proper due to Local Rule 3(B)(4).

5. This complaint has *no intention to change any orders* made by Hon. Rockwell or Hon. Robbins. But this court has *no barrier* by federal laws, *to point the fraud* of these orders which aiding and abetting acts of RICO, and violating Amend IV & XIV of Constitution.

For example, Hon. Rockwell in Case CL12-485, interrupted CBI Bankruptcy and committed subject error. In Case: Kalb v. Feuerstein, 308 U.S. 433, 438 (1940), Supreme Court

> "The *action of the state court* in this case in proceeding contrariwise, *without the consent of the bankruptcy court,* was not merely erroneous, but was *in excess of its authority, void, and subject to collateral attack.*" (emphases added)

### IV. Brief of the Case

6. The earliest confliction between Chien and Freer, Clark, initiated from Chapter 11 of CBI on 01/10/2011, in which Freer was the only operating director, and Chien was whistle-blower to expose Freer himself and sometimes with Clark, and others together to embezzle the cash of CBI. Chien was hired by then CBI Chairman, to hold CBI shareholder meeting in March of 2011, to expose Freer's embezzlements and dispose Freer's control of CBI. The proposals of the meeting, were approved by SEC on 1/14/2011, and over 98% voted shares to support removing Freer. But that meeting was terminated in the middle due to interruption of Freer. Then Freer through attorneys Clark and others, sued Chien, case CL.12-485, with excuse of defamation to ask for Freer's compensation "loss" under CBI's job. This lawsuit was to interrupt the process of Chapter 11 of CBI to retaliate Chien's whistle-blower, because any tort during CBI's chapter 11, only can be initiated in the Bankruptcy Court, or to the District Court after the Bankruptcy Court's approval, due to "28 U.S. Code § 157.Procedures:

> (b)... (5) The district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the which district court in the district in which the claim arose, as determined by the district court in the bankruptcy case is pending."

5

Also, the Bankruptcy Court announced it has dominated jurisdiction to determine Freer's compensation Therefore, the default judgment committed subject error.

7. Further the evidence of Freer's compensation loss was fabricated. In case CL.12-485, there was damage hearing on 7/30/2012. Clark first submitted documents to identify Freer's CBI salary in 2010 was $124,515, and fully paid.

> Exh. 17. Freer's CBI compensation table from year 2003 to 2011 (not to July 15, 2012) with record that Freer's compensation in 2010 was $124,515 only, fully paid.

> Exh. 20. CBI 10-K for year 2011 which reported Freer in 2010 had compensation of $124,515 fully paid.

Due to Exhibits 17 & 20, the defamation accuse was hard to stand. Then Clark for over 10 hours of legal time, began to add another compensation table Exh, 27 to fabricate Freer's 2010 salary

> Exh. 27. Freer's CBI compensation table for year 2003 to July 15, 2012 with record that Freer's compensation in 2010 was $222,096.70 with unpaid of $97,581.70.

On the damage trial, Exh. 27 was projected onto the big screen to demonstrate Chien's defaming, while Clark never mentioned Exh. 17, and Exh. 20 of audited financial statement. (Note: Exh. 27 also filed in this court on 12/26/2013 in Case 3:12CV00540 to oppose Chien's appeal).

Submitting fabricated evidence documents in the court and used by the court, is the mail fraud and wire fraud (email fraud is wire fraud) with offenses of 18USC §1341 & §1343.

Hon. Rockwell under subject error, used the fabricated documents to favor Freer, which created the unjust-enrichment. Hon. Rockwell aided the mail fraud and wire fraud. Chesterfield Circuit Court became the workshop of private party's RICO. Freer and Clark engaged the predicates of RICO by creating the judgment debt with fabricated and illegal nature.

8. Despite that since 09/26/2012, Freer, at Clark and others, initiated active debt collection in Connecticut Superior Court, Jurisdiction of New Haven ("JD of New Haven"), NNH-CV12-

4053717-S, Grogan in conspiracy with Clark and Freer, initiated VA debt collection by illegal incarceration for 1148 days (about 38 months) until 6/27/2016, without criminal procedure.

9. During the incarceration period, Grogan made secret order of making forged stock certificate for Freer on 2/18/2014, which was wrongly certified by former clerk Judy L Worthington as the Court order, then Freer obtained the forged one.

10. There are regulations to limit the illegal incarceration.

(a) According to due process of Amend XIV and VA law, it violated civil right for any person without conviction after arrested over 3 days. But Chien had been for over 3 years

(b) There is a net-work of the offense system installed among the Court, jail facility and office of sheriff to control the criminal procedure, any incarceration period should match an offense code. In Grogan's orders, the incarceration reasons are "civil contempt". There is no offense code for 'civil contempt", because VA Code "§18.2-7 Criminal act not to merge civil remedy". In Chien's records, the clerks intentionally misused the wrong offense code: CON3210S9, which is court contempt by a judge (not Commissioner in Chancery) under punishment of VA Code "§18.2-456" and "§18.2-457" with maximum penalty of $250 or ten days in jail if without jury impaneled.

(c) There is strict accounting procedure to pay security costs of about $30,000 per year for inmates. Under the standard procedure, for incarcerating over 12 months, the VA State will pay over 50%, Chesterfield County will pay about 42%, while the other will be paid by federal programs. The payment procedure has done based on the jail records under offense code, affirmed and signed monthly by Sheriffs, and Clerks. In Chien case, the costs payment came 100% from Chesterfield County for criminal system fund, offense of Wrong Appropriated Public Assets, VA Code "§18.2-112.1. B", which specified that "the value of such use exceeds $1,000

7

in any 12-month period, is guilty of a Class 4 felony for any full-time officer, and agent." The jail payment is monthly made, therefore Ms. Hughes and Mr. Leonard for dozens of times, violated VA Code "§18.2-112.1. B", pattern of RICO.

11. Chien was a secret inmate. There are no public records of Chien's arrests and incarceration, such as VA Police Records, VA Department of Corrections, FBI etc. If you through search engine of public records: www.truthfinder.com; instantcheckmate.com; www.publicrecordsOfficial.com, seekverify.com etc., you will not find any records of Chien ever being arrested or imprisoned. On 6/28/16 the next day after Chien released, Chien visited Richmond Office of FBI, the employees of FBI told Chien there was no records of Chien being ever arrested or imprisoned in VA.

12. In July of 2018, umber case CL 12-485, Chien submitted

> "Motions for (1) to Invalid Final Judgment Dated 8/9/2012 from §8.01-428(D)Because of (a)Subject error (b)Perjured Evidence (c)False imprisonment (d)Perjured Stock Certificate and Stole Third-Party Cash; (2) Counterclaims from §16.1-88.01."

On 7/12/2018, Hon. Rockwell ordered to reject Chien's Motion because of no jurisdiction. As long as the judgment debt exists, Chien consistently faced thread under RICO for debt collection.

13. During Chien's illegal incarceration, Chien filed CL 15-1569 Chien v. Hughes et al, which was wrongly denied by former Chief-Judge Hon. Hauler. Recently, Ms. Hughes wanted to eliminate the document of this cases. Chien objected and wanted to correct previous judgment error to affirm that Ms. Hughes violating Chien's civil right. Also, Chien filed Motion asked Ms. Hughes to correct the previous wrong certification on 2/18/2014 following VA Code "§ 8.01-428B", which specified no time limitation to correct clerk's error. But Hon. Robbins issued order on 01/13/2021 denied Chien's two pleadings, and denied any wrongdoing because all of Chien's suits are frivolous by a list of the failures of Chien's previous cases in VA State Courts

and Federal Courts of VA and CT. Further Hon. Robbins gives bias and sanction to limit Chien's access to Chesterfield Circuit Court except to hire a counsel.

14. Using the failures of Chien's previous cases as an excuse to defend the illegal incarceration, misused evidence. The Federal Rules of Evidence required to find relevant facts.

Rule 401. Test for Relevant Evidence
(b) ***the fact is of consequence in determining the action*** (emphases added).

Hon. Robbins violated Evidence Rule 401(b) to use wrong facts to determine the action, because the consequence of Chien's incarceration is debt collection, not the result of the failures of Chien's previous cases. Chien was never sued by VA Government. On the contrary, it is the illegal incarceration caused Chien's countersuits and appeals.

V. Standard and Argument

Part 1. VA Debt Collection Violated FDCPA

15. VA debt collection violated Fair Debt Collection Practices Act ("FDCPA"). Not only it violated venue selection "15USC§1692 i (a)(1)" (None of Chien/s property located in VA; None of VA Courts has jurisdiction to change the control of CHBM), and making Chien suffered double jeopardy risk in violation Amend V of Constitution (collecting debt in both CT and VA simultaneously); but also, it abused the criminal system by violating "15USC§1692.d(1)".

This violation is serious. If the Government had taken action, it should have ***money penalty for the debt collector, of $16000 for every day*** as mentioned in Case: Jerman v Carlisle et al., 130 S.Ct. 1605,1609 (2010), US Supreme Court:

> "The Act is enforced through administrative action and private lawsuits. With some exceptions not relevant here, violations of the FDCPA are deemed to be unfair or deceptive acts or practices under the Federal Trade Commission Act (FTC Act), 15 U.S.C. § 41 et seq., and are enforced by the Federal Trade Commission (FTC). See § 1692l. As a result, a debt collector who acts with "actual knowledge or knowledge fairly implied on the basis of objective circumstances that such act is [prohibited under the FDCPA]" is subject to civil

9

penalties of up to $16,000 per day. §§ 45(m)(1)(A), (C); 74 Fed.Reg. 858 (2009) (amending 16 CFR § 1.98(d))."

Grogan isn't an employee of the VA State, not exempted by "15USC§1692a(6)(C)" as a debt collector. In Case Pollice v. National Tax Funding, LP, 225 F. 3d 379, 406, Court of Appeals, 3rd Circuit in year 2000, held:

> "Section 1692a(6)(C) provides:
> The term ["debt collector"] does not include . . . (C) any officer or employee of the United States or any State to the extent that collecting or attempting to collect any debt is in the performance of his official duties.
>
> .... The exemption expressly is limited to "any officer or employee of the United States or any State."... **The exemption does not extend to those who are merely in a contractual relationship with the government**. See Brannan v. United Student Aid Funds, Inc., 94 F.3d 1260, 1263 (9th Cir. 1996)" (emphases added)

Although Grogan has serious liability for his violation of FDCPA, it is Ms. Hughes and Mr. Leonard to have the authority to execute the illegal incarceration. Every day of the illegal incarceration is a predicate of RICO as well as violation of FDCPA.

### Part 2. Judicial Corruption and Bias

16. Judicial Misconduct, Corruption and Bias.

The judicial misconduct is inevitable. Some judge or other officer directly involved the judicial corruption. These judicial misconducts are hardly corrected, because the judge has the absolutely immunity, and Clerk or Sheriff has qualified immunity, whether he (she) can be honest or loyalty to the constitution for the judicial equity and fairness, mostly depends on the judicial officer's self-discretion or self-discipline, fraud rarely being discovered or attacked.

17. In the article "Corruption in Our Courts: What It Looks Like and Where It Is Hidden" 118 Yale Law Journal, p.1900-1944 (2009), Author Stratos Pahis wrote:

> "Cases of judges ruling on matters involving a financial or personal conflict of interest are numerous and are responsible for a large portion of sanctions handed down by state judicial conduct organizations (JCOs).[5] The receiving of gifts, the granting of favors, ex

parte communications, and other actions that create partiality or its appearance are also highly prevalent forms of malfeasance dealt with by JCOs." (Page 1903)

"this study implies that over **one million bribes are paid in the U.S. judicial system each year**. While this survey captures bribes directed not only toward judges, but also toward police, prosecutors, and jurors, the results are alarming enough to warrant further study into judges, whose integrity is most critical to a functioning judicial system." (page 1905)

**Of the state judges removed or convicted, 29 of the 34 judges (85%) were elected.** This is almost identical to the 87% of state trial and appellate judges who either gain or retain their posts through elections.[50] Counting the number of bribes accepted by elected versus appointed judges shows a different result. **Of the total number of bribes accepted by state judges, only 14 bribes accepted by appointed state judges were discovered (0.5%), while over 2700 bribes by elected judges were discovered (99.5%)** (p.1922-.1923).

The disposal of traffic citations and fines yielded understandably smaller bribes for judges. There are records of $40 to $100 bribes and of gifts ranging from guns to jewelry to a bag of ice and a pound of ham (p.1928-1929).

The incidence of multijudge corruption schemes is also noteworthy. There could be reasons to believe that multijudge involvement stymies investigations and reduces risk. Multiple players, however, also may serve to increase the risk of defection (p.1931). (emphases added)

Author Stratos Pahis' study disclosed there are one million bribes, which were discovered, or charged every year in US Judicial system. These numbers and characters of cases showed the serious of judicial corruption. But there are more corrupted cases not discovered or charged. Because some corruption cases, likes Chien's, only the court 's agency and private lawyers involved in bribery or embezzlement, under conspiracy with clerks and sheriffs. Due to multi-persons in a group for judicial misconducts, the judges abandoned the discipline to favor the group, which made Chesterfield Circuit Court as Racketeering Enterprises.

18. In the website of www.reuters.com, Michael Berens and John Shiffman claimed after delving many records of judicial misconducts, they found "[t]housands of U.S. judges who broke laws or oaths remained on the bench." (www.reuters.com/investigates/special-report/usa-judges-misconduct/). To protect liberty of innocent people is the basic function of the court, any judge

11

who broke down the basic function, is braking laws or oaths

19. Unfavored pro se circumstances have existed widely in US Courts and VA State Courts

The promise of justice for all under the law is lauded in the United States, yet realities of the U.S. court system fall far short of this civic ideal, because justice gap persists due to causes:

(a) Economic gap; the legal costs to hire an attorney for a civil case, are far more than middle-income persons can afford, needless to say for lower income class people.

(b) The tradition of the federal courts unfavored pro se.

The University of Chicago Law Review, Vol. 85 (2018), issue 7, published "Empirical Patterns of Pro Se Litigation in Federal District Courts", author Mitchell Levy wrote:

> "In September 2017, Judge Richard Posner abruptly resigned from the Seventh Circuit. In subsequent interviews, Posner explained that he resigned in part because of his disagreement with his judicial colleagues over the Seventh Circuit's treatment of pro se litigants (those litigants who appear before courts without lawyers).1 In particular, Posner thought the court wasn't "treating the pro se appellants fairly," didn't "like the pro se's," and generally didn't "want to do anything with them.
>
> Posner's resignation is a powerful reminder of the challenges pro se litigants continue to face. *His belief that pro se litigants are frequently mistreated in civil litigation and denied a full and fair opportunity to vindicate their claims is neither new nor limited to federal appellate courts*." (p.1820) (emphases added)

The tradition of the federal courts unfavored pro se., is the real reason to cause the hard discovery of merit Chien's previous cases, but will not change the facts of the judicial misconduct of Chesterfield Circuit Court. Some old case in CT is waiting to reopen.

(d) Hon. Donald W Lemons ignored Chien's human right, and FDCPA, which caused the failures of Chien's previous appeals in VA Supreme Court. Hon. Donald W Lemons has been sued in Case 3:19cv00235 of this Court. His error is independent with errors of the defendants.

(e) In VA, Clerks and Sheriffs are constitutional officers, and elected by the people of every county. These judicial officers have higher corruption rate than other officers are assigned in other States, from the article of Stratos Pahis.

12

Part 3. Chesterfield Circuit Court- A Racketeering Enterprises in Chien's Cases

20. RICO is to interrupt interstate commerce, here CBI's bankruptcy and control of CHBM and Chien's other business are interstate commerce. 18USC§ 1961 gave definition of RICO.

(a)"18USC§1961.(1).(A)" cited any violation of the state law with felony charge qualified as acts of RICO. Here, defendants Ms. Hughes and Mr. Leonard violated "§18.2-22(a)(2)" of conspiracy with Grogan, and VA Code "§18.2-112.1. B" of wrongly used Chesterfield County's criminal system funds in illegal incarceration, "§18.2-59 Extortion" of aiding embezzlements.

(b) 18USC §1961(1)."(B) any act which is indictable under any of the following provisions of title 18… section 1028 (relating to fraud and related activity in connection with identification documents), section 1341 (relating to mail fraud), section 1343 (relating to wire fraud), section 1344 (relating to financial institution fraud)….section 1512 (relating to tampering with a witness, victim, or an informant), section 1513 (relating to retaliating against a witness, victim, or an informant), … section 1951 (relating to interference with commerce, robbery, or extortion)…"

(c) The illegal incarceration was offense of "18USC§1512" and "18USC§1513(e)" of retaliation of Chien's whistle-blowers. 1148 days of incarcerations are 1148 times of predicates of RICO. Ms. Hughes and Mr. Leonard engaged majority of them.

(d) Under illegal incarceration to make forged stock certificate for Freer, was offenses of "18USC §1028" making false corporation identity for control (changing 90% of ownership), and "18USC §1951" of interference with commerce.

"18USC§1028" also specified to keep the false corporation identity is offense. Ms. Hughes and Hon. Robbins wanted to keep intact of the false certification made by Ms. Worthington on behalf of Chesterfield Circuit Court, is a new offense of "18USC§1028".

(e) All of Grogan orders were without motion procedure to approve by Judge. The process of

13

issuance, communication with Clerks and Sheriffs for executions, are mail fraud and wire fraud, offenses of 18USC §1341 & §1343.

(f) The $1,6 million unjust enrichment is retaliation under 18USC §1513(e)

"(e)Whoever knowingly, with the intent to retaliate, takes any action harmful to any person, including interference with the lawful employment or livelihood of any person, for providing to a law enforcement officer any truthful information relating to the commission or possible commission of any Federal offense, shall be fined under this title or imprisoned not more than 10 years, or both."

Hon. Rockwell created unjust enrichment of Freer, which further developed into illegally depriving of Chien's liberty and self-employed business, made Chien impossible to make money for living. Whenever the unjust enrichment stands, Chien's capability to make living is seriously hurt. Hon. Rockwell offended "18USC§1959" to aid and abet "18USC§1513(e)" of Freer and his attorneys. The rejection order dated 8/9/2018 was a new offense of "18USC§1959".

21. 18USC§ 1961 (5) gave pattern of racketeering acts, which requires two acts within ten years period. The allegations of defendants except Hon. Robbins, satisfies the requirements:

22. 18USC §1961 (4) define:

"enterprise" includes any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity;

Here, the agency Grogan, clerks Ms. Worthington, and Ms. Hughes, Sheriff Mr. Lenard and Judges Hon. Rockwell, Hon. Hauler and other under the legal entity Chesterfield Circuit Court for racketeering activities. The new leader Hon. Robbins does favor existing or previous judicial misconduct. Then Chesterfield Circuit Court is an enterprise of Racketeering.

23. RICO was designed to prevent the illicit infiltration of legitimate enterprises. The operation of enterprise is at the employees and officers. The enterprise has no vicarious liability to its employees and officers, which are individually liable.

Part 4. Independent Act Pursuant to Rule 60(d)(1) & (d)(3)

14

24. Hon. Rockwell, Ms. Hughes and Mr. Leonard was sued in Case 1:17cv0677-LO-TCB and being denied by the court fraud. For example, in Case 1:17cv0677, it was wrongly to apply the two-year time bar in denying false incarceration claim against Mr. Leonard.

> "Sheriffs Proffitt and Leonard have moved to dismiss the case against them for failing to state a claim. They argue that Plaintiffs *false imprisonment claim is unsupported by facts and time-barred; that Plaintiffs § 1983 claims are unsupported by facts pertaining to them specifically and are time-barred;* (p.10, doc.#125 of Case 1:17cv677) (emphasized)

Chien's complaint was filed on 6/21/2017, and Chien's release was on 6/27/2016, and the last order of Grogan's incarceration was on 8/31/2015, within the two-year time period.

The judgment (doc.#125 of Case 1:17cv677) never addressed the merits alleged here for Ms. Hughes and Hon. Rockwell.

Due to Rule 60(d)(1) & (3) of Fed R. Civ. Proc., it is no time limit by requesting to set aside a judgment obtained by the court fraud, nor can laches bar consideration of the matter. The logic is clear:

> "the law favors discovery and correction of corruption of the judicial process even more than it requires an end to lawsuits." Lockwood v. Bowles, 46 F.R.D. 625, 634 (D.D.C. 1969).

The order of Case 1:17cv677, will not prevent Chien from filing this complaint. On the contrary, it is proper to take the credits of filing date of 6/21/2017 against Mr. Leonard here. Further, the declaration relief is for avoid future same fraud without time bar.

### VI. Causes of Action

25. Allegations under 18USC§1962(b)&(c)&(d)

(a) 18USC§1962(b) states:

> "(b) It shall be unlawful for any person through a pattern of racketeering activity
>
> or through collection of an unlawful debt to acquire or maintain, directly or indirectly, **any interest in or control of any enterprise** which is engaged in, or the activities of which affect, *interstate* or foreign *commerce*." (emphasis added).

15

This is regarding through acts of RICO to get illegal control of another enterprises- CHBM. CHBM's business and share trading are interstate commerce. ***CHBM isn't a party of any litigation. CHBM has no asset or business activities in VA. None of any VA Courts has the jurisdiction to change the control of CHBM.***

(b) 18USC §1962(c) states:

> "It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt."

This is regarding predicates at the operation of the RICO enterprises which is Chesterfield Circuit Court. Here, Grogan is Commissioner in Chancery. Grogan was impersonating as a judge on 5/7/2014 to sign an order of indefinite incarceration for his personal income and stealing assets of third parties. Clerks and Sheriffs executed Grogan's orders without publicly approval of any judge. The arrest and incarceration procedure are in violation of Amend IV and XIV of the constitution.

(c) 18USC §1962(d) conspiracy claim based to violate § 1962(b) &(c) under conspiracy. Here, Chien was a secret inmate. Grogan order and former clerk Worthington's certification on 2/18/2014, were secret. There was no motion procedure to issue Grogan's orders, no fairness and no transparency. There was no list, no a penny payment, no return after to ship eight boxes of documents, three computers from CT to Grogan's office.

Fraudulent concealment is an element of conspiracy. Ms. Hughes wanted to delete her past records of engaging illegal incarceration, is a new step of conspiracy.

26. Allegations against Ms. Hughes and Mr. Leonard

(a) Ms. Hughes and Mr. Leonard directly violated 18USC§1962(c), because they violated

"§18.2-22(a)(2)" of conspiracy with Grogan, and VA Code "§18.2-112.1. B", to wrongly use Chesterfield County Criminal Syatem Fund for illegal incarceration, offended money fraud and wire fraud "18USC §1341 & §1343". They offended "18USC§1959" to aid and abet Grogan and others for "§18.2-59 Extortion" for embezzlements as well as"18USC§1512", "18USC§1513(e)" of retaliation. They aided and abetted Gorgon's offense of RICO and FDCPA.

(b) Ms. Hughes and Mr. Leonard offended 1818USC§1959" to aid and abet Grogan and others to violate "18USC§1962(c)". Ms. Hughes directly violated "18USC§1028" recently by rejected to correct the falsifies certificate made by former clerk Worthington on 2/18/2014.

(c) Ms. Hughes and Mr. Leonard offended "18USC§1962(d)" because they made Chien as a secret inmate, and communicated with Grogan and executed Grogan orders under illegal procedure.

27. Allegation against Hon. Rockwell

Hon. Rockwell committed subject-matter error as well as being deceived by Freer and Clark in Case CL.12-485. The $1.6 million default judgment was the unjust-enrichment for Freer, which aided and abetted Freer's offense of "18USC §1513(e)" till today.

28. Allegation against Hon. Robbins.

Hon. Robbins made mistakes by omitting Amend IV and Amend XIV of Constitution, and 42USC§1983 to protect the illegal incarceration and extortion. To reject correct the false certification made on 2/18/2014 by Worthington, is to protect false corporation identity.

V. Relief

29. Declaratory Judgment Act, 28USC §2201 & §2202, is specially designed to cure the state in abusing the criminal system to deprive the rights of innocent. From the order dated the 01/13/2021, Hon. Robbins didn't admit any wrong doing of the VA Debt Collection. Therefore,

17

RICO under excuse of collecting debt, will repeat again.

30. The declaratory judgment will affirm above allegations for defendants. There is no need to change the existing orders of Chesterfield Circuit Court. But the judicial misconduct for years should be discovered and attacked.

Respectfully-submitted

Plaintiff: *A. Chien*

Andrew Chien
655 Ellsworth Avenue
New Haven, CT 06511
Tel:(203)562-8899
Jcs23@yahoo.com